IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03382-LTB-SKC

MOHAMMED A. SAYED,

     Plaintiff,

v.

MOUNTAIN MEADOWS LAMB CORPORATION, doing business as Superior Farms-Denver,

     Defendant.
_____

### DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL AND DEFENDANT'S DEMAND FOR JURY TRIAL
_____

Defendant Mountain Meadows Lamb Corporation, doing business as Superior Farms-Denver ("Defendant"), by and through its counsel, Andrew D. Ringel, Esq. and Kendra K. Smith, Esq., of Hall & Evans, L.L.C., hereby respectfully submits this Answer to Plaintiff's Complaint and Demand for Jury Trial and Defendant's Demand for Jury Trial, as follows:

### <u>PARTIES</u>

1.    Defendants is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint and Demand for Jury Trial ("Plaintiff's Complaint") and therefore denies same.

2.    Defendant admits the allegations of paragraph 2 of Plaintiff's Complaint.

3.    Defendant admits the allegations of paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.     Defendant admits this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, but denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits venue is proper before this Court pursuant to 28 U.S.C. § 1391, but denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

6.     Defendant admits Mr. Sayed filed a Charge of Discrimination, Charge No. 541-2019-02600, with the U.S. Equal Employment Opportunity Commission ("EEOC"), and states the Charge, in its entirety, speaks for itself and denies the allegations in paragraph 6 of Plaintiff's Complaint inconsistent therewith.   Defendant denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7.     Defendant admits the EEOC issued a Notice of Right to Sue to Mr. Sayed dated September 27, 2021, and the Notice of Right to Sue, in its entirety speaks, for itself and denies the allegations in paragraph 7 of Plaintiff's Complaint inconsistent therewith. Defendant denies the remaining allegations in paragraph 7 of Plaintiff's Complaint.

8.     Defendant admits Plaintiff's Complaint was filed on December 16, 2021, and admits this date is within 90 days of September 27, 2021.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiff's Complaint and therefore denies same.

9.     Defendant states the allegations of paragraph 9 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 9 of Plaintiff's Complaint are denied.

## GENERAL ALLEGATIONS

10.     Defendant incorporates herein by reference all of its responses to the preceding paragraphs as if fully set forth herein.

11.     Defendant admits the allegations of paragraph 11 of Plaintiff's Complaint upon information and belief.

12.     Defendant admits the allegations of paragraph 12 of Plaintiff's Complaint upon information and belief.

13.     Defendant admits the allegations of paragraph 13 of Plaintiff's Complaint upon information and belief.

14.     Defendant admits the allegations of paragraph 14 of Plaintiff's Complaint upon information and belief.

15.     Defendant admits the allegations of paragraph 15 of Plaintiff's Complaint upon information and belief.

16.     Defendant admits the allegations of paragraph 16 of Plaintiff's Complaint upon information and belief.

17.     Defendant admits the allegations of paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits the allegations of paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits the allegations of paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations of paragraph 20 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 21 of Plaintiff's Complaint.

21.     Defendant admits the allegations of paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits the allegations of paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits the allegations of paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits the allegations of paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits the allegations of paragraph 25 of Plaintiff's Complaint.

26.     Defendant admits the allegations of paragraph 26 of Plaintiff's Complaint.

27.     Defendant admits the allegations of paragraph 27 of Plaintiff's Complaint.

28.     Defendant admits the allegations of paragraph 28 of Plaintiff's Complaint.

29.     Defendant admits the allegations of paragraph 29 of Plaintiff's Complaint.

30.     Defendant admits the allegations of paragraph 30 of Plaintiff's Complaint.

31.     Defendant admits the allegations of paragraph 31 of Plaintiff's Complaint.

32.     Defendant admits the allegations of paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits the allegations of paragraph 33 of Plaintiff's Complaint.

34.     Defendant admits the allegations of paragraph 34 of Plaintiff's Complaint.

35.     Defendant admits Mr. Sayed worked in the Harvest Department during his employment with Superior Farms and was qualified to engage in the practice of Islam to slaughter animals according to Islamic law so that the meat could be labeled and certified Halal, but denies the remaining allegations of paragraph 35 of Plaintiff's Complaint.

36.     Defendant admits Mr. Sayed, Ahmad al Bilbesi and Amadedin "Imad" Eganwa were Muslim employees, but denies the remaining allegations of paragraph 36 of Plaintiff's Complaint.

37.     Defendant admits Plaintiff and others were involved in ensuring Defendant's practices complied with the practice of Islam to slaughter animals according to Islamic law so that the meat could be labeled and certified Halal.  Defendant denies the remaining allegations of paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits Superior Farms followed the correct religiously mandated procedures to certify their meat as Halal, and states Superior Farms followed such correct procedures for the entirety of Mr. Sayed's employment.  Defendant denies the remaining allegations of paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits part of Mr. Sayed's job responsibilities entailed signing paperwork that certified the meat as Halal, but denies the remaining allegations of paragraph 39 of Plaintiff's Complaint.

40.     Defendant admits upon certification of meat as Halal, the meat can be packaged with a label known as a "Product Halal Certificate" certifying it is genuine meat allowed to be consumed by Muslims.  Defendant denies the remaining allegations of paragraph 40 of Plaintiff's Complaint.

41.     Defendant admits the United States Department of Agriculture had personnel on site at Defendant's plant to ensure compliance with applicable laws and regulations.  Defendant denies the remaining allegations of paragraph 41 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 42 of Plaintiff's Complaint.

42.    Defendant admits Mr. Sayed was one of a number of other Muslim employees in Superior Farms operation facilities, but denies the remaining allegations in paragraph 42 of Plaintiff's Complaint.

43.    Defendant admits the allegations of paragraph 43 of Plaintiff's Complaint.

44.    Defendant admits it employed Hispanic employees in its Superior Farms operation facilities, but denies the remaining allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendant admits it received reports that several Hispanic employees used the term "Arab Negros" in reference to Defendant's Muslim employees, and affirmatively states upon receiving those reports, Defendant promptly investigated the issue, conducted a training session to address the issue, and thereafter did not receive any further reports of such language.   Defendant denies the remaining allegations in paragraph 45 of Plaintiff's Complaint.

46.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of Plaintiff's Complaint and therefore denies same.

47.    Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of Plaintiff's Complaint and therefore denies same.

49.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of Plaintiff's Complaint and therefore denies same.

50.     Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of Plaintiff's Complaint and therefore denies same.

52.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of Plaintiff's Complaint and therefore denies same.

53.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of Plaintiff's Complaint and therefore denies same.

54.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of Plaintiff's Complaint and therefore denies same.

55.     Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Defendant admits Mr. Sayed, Mr. Eganwa, and Mr. al Bilbesi reported being called "Arab Negros" and being pointed at by other employees to Angela McGowan, the Human Resources Manager for Superior's Denver operations, and affirmatively states Ms. McGowan promptly investigated, Defendant subsequently conducted a training session to address the issue, and thereafter did not receive any further reports of such

language or conduct.  Defendant denies the remaining allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendant admits Mr. Sayed, Mr. Eganwa, and Mr. al Bilbesi reported being called "Arab Negros" and being pointed at by other employees to Angela McGowan, the Human Resources Manager for Superior's Denver operations, and affirmatively states Ms. McGowan promptly investigated, Defendant subsequently conducted a training session to address the issue, and thereafter did not receive any further reports of such language or conduct.  Defendant denies the remaining allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendant admits the allegations in paragraph 59 of Plaintiff's Complaint upon information and belief.

60.     Defendant admits the allegations in paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Defendant admits Mr. Sayed, Mr. Eganwa, and Mr. al Bilbesi reported being called "Arab Negros" and being pointed at by other employees to Angela McGowan, the Human Resources Manager for Superior's Denver operations, and affirmatively states Ms. McGowan promptly investigated, Defendant subsequently conducted a training session to address the issue, and thereafter did not receive any further reports of such language or conduct.  Defendant denies the remaining allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 of Plaintiff's Complaint and therefore denies same.

64.     Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 of Plaintiff's Complaint and therefore denies same.

66.     Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations in paragraph 67 of Plaintiff's Complaint.

68.     Defendant admits the allegations in paragraph 68 of Plaintiff's Complaint upon information and belief.

69.     Defendant denies the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations in paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations in paragraph 71 of Plaintiff's Complaint.

72.     Defendant admits Mr. Sayed, Mr. Eganwa, and Mr. al Bilbesi reported being called "Arab Negros" and being pointed at by other employees to Angela McGowan, the Human Resources Manager for Superior's Denver operations, and affirmatively states Ms. McGowan promptly investigated, Defendant subsequently conducted a training session in or around mid-May of 2018 to address the issue, and thereafter did not receive any further reports of such language or conduct.   Defendant denies the remaining allegations in paragraph 72 of Plaintiff's Complaint.

73.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 of Plaintiff's Complaint and therefore denies same.

74.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74 of Plaintiff's Complaint and therefore denies same.

75.     Defendant admits the allegations in paragraph 75 of Plaintiff's Complaint.

76.     Defendant admits the allegations in paragraph 76 of Plaintiff's Complaint upon information and belief.

77.     Defendant admits the allegations in paragraph 77 of Plaintiff's Complaint upon information and belief.

78.     Defendant admits the allegations in paragraph 78 of Plaintiff's Complaint upon information and belief.

79.     Defendant denies the allegations in paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations in paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations in paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations in paragraph 82 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 83 of Plaintiff's Complaint.

83.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 of Plaintiff's Complaint and therefore denies same.

84.     Defendant admits Mr. Sayed and other Muslim employees requested prayer breaks, and affirmatively states any employees who made such requests were granted prayer breaks as part of a religious accommodation.  Defendant denies the remaining allegations in paragraph 84 of Plaintiff's Complaint.

85.     Defendant admits Mr. al Bilbesi and Mr. Eganwa requested prayer breaks from Defendant, and affirmatively states both were granted prayer breaks as part of a religious accommodation.  Defendant denies the remaining allegations in paragraph 85 of Plaintiff's Complaint.

86.     Defendant admits Mr. Sayed, Mr. al Bilbesi, and Mr. Eganwa requested prayer breaks, and affirmatively states they were granted prayer breaks as part of a religious accommodation.  Defendant denies the remaining allegations in paragraph 86 of Plaintiff's Complaint.

87.     Defendant denies the allegations in paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations in paragraph 88 of Plaintiff's Complaint.

89.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 of Plaintiff's Complaint and therefore denies same.

90.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 of Plaintiff's Complaint and therefore denies same.

91.     Defendant denies the allegations in paragraph 91 of Plaintiff's Complaint.

92.     Defendant denies the allegations in paragraph 92 of Plaintiff's Complaint.

93.     Defendant denies the allegations in paragraph 93 of Plaintiff's Complaint.

94.     Defendant admits it gave time off for national holidays in the United States including some holidays that could be characterized as Christian holidays.   Defendant denies the remaining allegations in paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations in paragraph 95 of Plaintiff's Complaint.

96.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 of Plaintiff's Complaint and therefore denies same.

97.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 of Plaintiff's Complaint and therefore denies same.

98.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 of Plaintiff's Complaint and therefore denies same.

99.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99 of Plaintiff's Complaint and therefore denies same.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 100 of Plaintiff's Complaint.

100.    Defendant denies the allegations in paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations in paragraph 101 of Plaintiff's Complaint.

102.    Defendant admits Mr. Sayed refused to sign paperwork certifying that Superior Farms was following Halal procedures, but denies the remaining allegations in paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations in paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies the allegations in paragraph 104 of Plaintiff's Complaint.

105.    Defendant admits Rique Griffin had a tattoo of a cross on his body, but denies Mr. Griffin was a non-Muslim employee and denies the remaining allegations in paragraph 105 of Plaintiff's Complaint.

106.    Defendant admits having a tattoo does not disqualify a Muslim individual from performing the procedures needed for Halal certification.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 106 of Plaintiff's Complaint and therefore denies same.

107.    Defendant admits Halal certification requires the butcher to be a Muslim or believing in Ahl al Kitab.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 107 of Plaintiff's Complaint and therefore denies same.

108.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 108 of Plaintiff's Complaint and therefore denies same.

109.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109 of Plaintiff's Complaint and therefore denies same.

110. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110 of Plaintiff's Complaint and therefore denies same.

111. Defendant admits the allegations in paragraph 111 of Plaintiff's Complaint, and affirmatively states Mr. Griffin identified as Muslim.

112. Defendant denies the allegations in paragraph 112 of Plaintiff's Complaint, and affirmatively states Defendant consulted with Abdul Himat, a Muslim individual respected in the Denver Muslim community, in developing and implementing its Halal procedures as well as offering guidance on various aspects of the Islamic faith, and Mr. Himat has forwarded job applications to Defendant from his contacts in the Muslim community.

113. Defendant admits Mr. Himat is not an employee of Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 113 of Plaintiff's Complaint and therefore denies same.

114. Defendant admits Mr. Himat did not perform slaughters on behalf of Defendant, and affirmatively states Mr. Himat served in a consulting capacity to Defendant regarding its Halal procedures. Defendant denies the remaining allegations in paragraph 114 of Plaintiff's Complaint.

115. Defendant denies the allegations in paragraph 115 of Plaintiff's Complaint.

116. Defendant admits Mr. Sayed informed Superior Farms and the on-site federal employee of the United States Department of Agriculture ("USDA") of his belief

that the Halal process was not being followed and did not sign paperwork certifying that Superior Farms was labeling the meat as Halal.   Defendant denies the remaining allegations in paragraph 116 of Plaintiff's Complaint.

117.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117 of Plaintiff's Complaint and therefore denies same.

118.   Defendant admits the allegations in paragraph 118 of Plaintiff's Complaint.

119.   Defendant admits the allegations in paragraph 119 of Plaintiff's Complaint.

120.   Defendant denies the allegations in paragraph 120 of Plaintiff's Complaint.

121.   Defendant denies the allegations in paragraph 121 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 122 of Plaintiff's Complaint.

122.   Defendant admits Mr. Sayed worked February 18, 2019, through February 22, 2019, for a total of 40 hours, and Mr. Sayed was not scheduled to work on February 23, 2019.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 122 of Plaintiff's Complaint and therefore denies same.

123.   Defendant denies the allegations in paragraph 123 of Plaintiff's Complaint.

124.   Defendant admits Mr. Sayed was not scheduled to work on February 23, 2019.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 124 of Plaintiff's Complaint and therefore denies same.

125.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125 of Plaintiff's Complaint and therefore denies same.

126.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126 of Plaintiff's Complaint and therefore denies same.

127.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127 of Plaintiff's Complaint and therefore denies same.

128.    Defendant admits in matters requiring communication with Mr. Sayed, Superior Farms permitted individuals who spoke Arabic and English to serve as interpreters for Mr. Sayed.  Defendant denies the remaining allegations in paragraph 128 of Plaintiff's Complaint.

129.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 129 of Plaintiff's Complaint and therefore denies same.

130.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 130 of Plaintiff's Complaint and therefore denies same.

131.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131 of Plaintiff's Complaint and therefore denies same.

132.    Defendant denies the allegations in paragraph 132 of Plaintiff's Complaint.

133.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 133 of Plaintiff's Complaint and therefore denies same.

134.    Defendant admits Mr. Sayed had never received any write ups or discipline from Defendant.    Defendant denies the remaining allegations in paragraph 134 of Plaintiff's Complaint.

135.    Defendant admits the allegations in paragraph 135 of Plaintiff's Complaint.

136.    Defendant admits Mr. Himat spoke with Mr. Sayed about whether Mr. Griffin could perform Halal procedures, but denies Mr. Sayed was required to speak with Mr. Himat.    Defendant denies the remaining allegations in paragraph 136 of Plaintiff's Complaint.

137.    Defendant denies the allegations in paragraph 137 of Plaintiff's Complaint.

138.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 138 of Plaintiff's Complaint and therefore denies same.

139.    Defendant denies the allegations in paragraph 139 of Plaintiff's Complaint.

140.    Defendant admits Mr. Sayed refused to sign the Halal certification paperwork, but denies Superior Farms was not properly following Halal procedures.

141.    Defendant denies the allegations in paragraph 141 of Plaintiff's Complaint, and affirmatively states Mr. Sayed resigned his employment.

142.    Defendant denies Mr. Sayed was terminated, and affirmatively states all employment records regarding Mr. Sayed, in their entirety, speak for themselves and denies all allegations in paragraph 142 inconsistent therewith.   Defendant denies all remaining allegations in paragraph 142 of Plaintiff's Complaint.

143.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143 of Plaintiff's Complaint and therefore denies same.

144.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 144 of Plaintiff's Complaint and therefore denies same.

145.    Defendant admits Mr. Sayed's primary language is Arabic and Mr. Sayed used an interpreter to assist him in understanding and reading English, but denies the remaining allegations in paragraph 145 of Plaintiff's Complaint.

146.    Defendant denies the allegations in paragraph 146 of Plaintiff's Complaint.

147.    Defendant admits Mr. Sayed stated he quit his employment.   Defendant denies the remaining allegations in paragraph 147 of Plaintiff's Complaint and affirmatively states all employment records regarding Mr. Sayed, in their entirety, speak for themselves and denies all allegations in paragraph 147 inconsistent therewith.

148.    Defendant denies the allegations in paragraph 148 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**(Race, Color and National Origin Discrimination, Discriminatory Discipline and Wrongful Termination in violation of 42 U.S.C. § 2000e-(2)(a))**

149.   Defendant incorporates herein by reference all of its responses to the allegations in paragraphs 1-148 above as its response to the allegations in paragraph 149 of Plaintiff's Complaint.

150.   Defendant states the allegations in paragraph 150 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 150 of Plaintiff's Complaint are denied.

151.   Defendant states the allegations in paragraph 151 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 151 of Plaintiff's Complaint are denied.

152.   Defendant admits upon information and belief Mr. Sayed is a Muslim male from Egypt and his skin color is black.  Defendant states the remaining allegations in paragraph 152 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the remaining allegations in paragraph 152 of Plaintiff's Complaint are denied.

153.   Defendant admits Mr. Sayed performed at a level of reasonable expectations during his employment.  Defendant denies the remaining allegations in paragraph 153 of Plaintiff's Complaint.

154.   Defendant denies the allegations in paragraph 154 of Plaintiff's Complaint.

155.    Defendant states the allegations in paragraph 155 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 155 of Plaintiff's Complaint are denied.

156.    Defendant denies the allegations in paragraph 156 of Plaintiff's Complaint.

157.    Defendant denies the allegations in paragraph 157 of Plaintiff's Complaint.

158.    Defendant denies the allegations in paragraph 158 of Plaintiff's Complaint.

159.    Defendant denies the allegations in paragraph 159 of Plaintiff's Complaint.,

160.    Defendant denies the allegations in paragraph 160 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
### (Race, Color National Origin Discrimination, Retaliation in violation of 42 U.S.C. § 2000e-(3))

161.    Defendant incorporates herein by reference all of its responses to the allegations in paragraphs 1-160 above as its response to the allegations in paragraph 161 of Plaintiff's Complaint.

162.    Defendant states the allegations in paragraph 162 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 162 of Plaintiff's Complaint are denied.

163.    Defendant states the allegations in paragraph 163 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 163 of Plaintiff's Complaint are denied.

164.    Defendant admits upon information and belief Mr. Sayed is a Muslim male from Egypt and his skin color is black.  Defendant states the remaining allegations in paragraph 164 of Plaintiff's Complaint present determinations of law that do not require a

response from Defendant.  To any extent a response is required, the remaining allegations in paragraph 164 of Plaintiff's Complaint are denied.

165.    Defendant states the allegations in paragraph 165 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 165 of Plaintiff's Complaint are denied.

166.    Defendant denies the allegations in paragraph 166 of Plaintiff's Complaint.

167.    Defendant denies the allegations in paragraph 167 of Plaintiff's Complaint.

168.    Defendant denies the allegations in paragraph 168 of Plaintiff's Complaint.

169.    Defendant denies the allegations in paragraph 169 of Plaintiff's Complaint.

170.    Defendant denies the allegations in paragraph 170 of Plaintiff's Complaint.

171.    Defendant denies the allegations in paragraph 171 of Plaintiff's Complaint.

172.    Defendant denies the allegations in paragraph 172 of Plaintiff's Complaint.

173.    Defendant denies the allegations in paragraph 173 of Plaintiff's Complaint.

**THIRD CLAIM FOR RELIEF**
**(Race, Color, National Origin, and Religion Hostile Work Environment in Violation of 42 U.S.C. § 2000e-2)**

174.    Defendant incorporates herein by reference all of its responses to the allegations in paragraphs 1-173 above as its response to the allegations in paragraph 174 of Plaintiff's Complaint.

175.    Defendant states the allegations in paragraph 175 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 175 of Plaintiff's Complaint are denied.

176.   Defendant states the allegations in paragraph 176 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 176 of Plaintiff's Complaint are denied.

177.   Defendant admits the allegations in paragraph 177 of Plaintiff's Complaint.

178.   Defendant denies the allegations in paragraph 178 of Plaintiff's Complaint.

179.   Defendant states the allegations in paragraph 179 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 179 of Plaintiff's Complaint are denied.

180.   Defendant states the allegations in paragraph 180 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 180 of Plaintiff's Complaint are denied.

181.   Defendant denies the allegations in paragraph 181 of Plaintiff's Complaint.

182.   Defendant denies the allegations in paragraph 182 of Plaintiff's Complaint.

183.   Defendant denies the allegations in paragraph 183 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
**(Religious Discrimination, Wrongful Termination and Retaliation in Violation of 42 U.S.C. §§ 2000e-2 and 2000e-3)**

184.   Defendant incorporates herein by reference all of its responses to the allegations in paragraphs 1-183 above as its response to the allegations in paragraph 184 of Plaintiff's Complaint.

185.   Defendant admits upon information and belief Mr. Sayed practices the religion of Islam, but is without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations in paragraph 185 of Plaintiff's Complaint and therefore denies same.

186.    Defendant admits it was aware upon information and belief Mr. Sayed practices the religion of Islam.  Defendant admits it had policies and procedures relating to Halal.  Defendant denies the remaining allegations in paragraph 186 of Plaintiff's Complaint.

187.    Defendant denies the allegations in paragraph 187 of Plaintiff's Complaint.

188.    Defendant denies the allegations in paragraph 188 of Plaintiff's Complaint.

189.    Defendant denies the allegations in paragraph 189 of Plaintiff's Complaint.

190.    Defendant states the allegations in paragraph 190 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 190 of Plaintiff's Complaint are denied.

191.    Defendant denies the allegations in paragraph 191 of Plaintiff's Complaint.

192.    Defendant denies the allegations in paragraph 192 of Plaintiff's Complaint.

### FIFTH CLAIM FOR RELIEF
### (Failure to Accommodate Religion in violation of 42 U.S.C. § 2000e-2(a))

193.    Defendant incorporates herein by reference all of its responses to the allegations in paragraphs 1-192 above as its response to the allegations in paragraph 193 of Plaintiff's Complaint.

194.    Defendant states the allegations in paragraph 194 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 194 of Plaintiff's Complaint are denied.

195.    Defendant denies the allegations in paragraph 195 of Plaintiff's Complaint.

196.    Defendant denies the allegations in paragraph 196 of Plaintiff's Complaint.

197.    Defendant denies the allegations in paragraph 197 of Plaintiff's Complaint.

198.    Defendant denies the allegations in paragraph 198 of Plaintiff's Complaint.

199.    Defendant denies the allegations in paragraph 199 of Plaintiff's Complaint.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**(Discrimination, Harassment and Retaliation in violation of 42 U.S.C. § 1981)**

200.    Defendant incorporates herein by reference all of its responses to the allegations in paragraphs 1-199 above as its response to the allegations in paragraph 200 of Plaintiff's Complaint.

201.    Defendant admits the allegations in paragraph 201 of Plaintiff's Complaint upon information and belief.

202.    Defendant states the allegations in paragraph 202 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 202, including subparts (a) through (f), of Plaintiff's Complaint are denied.

203.    Defendant states the allegations in paragraph 203 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 203 of Plaintiff's Complaint are denied.

204.    Defendant states the allegations in paragraph 204 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 204 of Plaintiff's Complaint are denied.

205.    Defendant denies the allegations in paragraph 205 of Plaintiff's Complaint.

206.     Defendant admits Mr. Sayed, Mr. Eganwa, and Mr. al Bilbesi reported being called "Arab Negros" and being pointed at by other employees to Angela McGowan, the Human Resources Manager for Superior's Denver operations, and affirmatively states Ms. McGowan promptly investigated, Defendant subsequently conducted a training session to address the issue, and thereafter did not receive any further reports of such language or conduct.  Defendant denies the remaining allegations in paragraph 206 of Plaintiff's Complaint.

207.     Defendant denies the allegations in paragraph 207 of Plaintiff's Complaint.

208.     Defendant states the allegations in paragraph 208 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 208 of Plaintiff's Complaint are denied.

209.     Defendant states the allegations in paragraph 209 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 209 of Plaintiff's Complaint are denied.

210.     Defendant states the allegations in paragraph 210 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 210 of Plaintiff's Complaint are denied.

211.     Defendant states the allegations in paragraph 211 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 211 of Plaintiff's Complaint are denied.

212.     Defendant denies the allegations in paragraph 212 of Plaintiff's Complaint.

213.     Defendant denies the allegations in paragraph 213 of Plaintiff's Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies all the allegations in the paragraph beginning "WHEREFORE" on pages 22 through 23 of Plaintiff's Complaint, including the allegations in subparagraphs (a) through (e).   Defendant denies Plaintiff is entitled to any of the damages alleged or sought in Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Defendant.

2.      Defendant took no adverse action against Plaintiff.

3.      Plaintiff cannot establish a constructive discharge.

4.      Defendant granted any request(s) for religious accommodation made by Plaintiff.

5.      Plaintiff's request(s) for accommodation were not reasonable.

6.      Plaintiff's request(s) for accommodation posed an undue hardship on the operation of Defendant's business.

7.      Defendant's actions respecting Plaintiff were taken for nondiscriminatory and nonretaliatory reasons.

8.      Plaintiffs cannot establish a causal connection between any of his statutory rights and any adverse employment action.

9.     Upon information and belief, Plaintiff may have failed to mitigate his damages, if any, as required by law.

10.     At all times pertinent herein, Defendant acted in accordance with all common law, statutory, regulatory, and policy obligations and without any intent to cause Plaintiff any harm.

11.     Plaintiff's injuries and damages, if any, were not aggravated by any action or omission of or by Defendant nor were they proximately caused by or related to any act or omission of or by Defendant.

12.     Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of federal law.

13.     Plaintiff is not entitled to the relief sought in Plaintiff's Complaint under any of the theories asserted.

14.     All actions taken by Defendant with respect to Plaintiff were reasonable under the circumstances, taken in the course and scope of Defendant's employees' employment, in the good faith performance of their duties and responsibilities, for legitimate business reasons, for the purpose of serving Defendant and in the good faith belief that Defendant's employees acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors, with no action taken for inappropriate or illegal reasons or in retaliation for any action of Plaintiff.

15.     Plaintiff's claims for punitive or exemplary damages against the Defendant have no basis in fact or law and are barred, reduced, or in the alternative, are

unconstitutional and would violate the Defendant's rights under the Due Process Clauses of the United States and Colorado constitutions.

16.    Plaintiff's claims in whole or in part are precluded by the Plaintiff's failure to complain pursuant to the available policies of the Defendant.

17.    Defendant specifically reserves the right to amend its Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

WHEREFORE, Defendant Mountain Meadows Lamb Corporation d/b/a Superior Farms-Denver moves the Court for an entry of an Order dismissing all elements of all claims against it in complete and total fashion, awarding its costs and attorney's fees, and ordering such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

Dated this 15th day of February, 2022.

Respectfully submitted,

*s/ Andrew D. Ringel* .
Andrew D. Ringel, Esq.
Kendra K. Smith, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:      303-628-3368
ringela@hallevans.com
smithk@hallevans.com

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I HEREBY CERTIFY that on the 15th day of February, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas J. Arckey, Esq.
tja@arlaw.us

*s/Nicole Marion*, Legal Assistant of
Hall & Evans, L.L.C.
